**Maria Concepcion GUEVARA–ZETINO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72755.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2012.*

Filed March 13, 2012.

Maria Concepcion Guevara–Zetino, Los Angeles, CA, pro se.

OIL, Rosanne Perry, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

720

Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Maria Concepcion Guevara–Zetino, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

 Substantial evidence supports the BIA's finding that Guevara–Zetino was a victim of general criminal activity, because she failed to establish that gang members extorted money, robbed, and raped her on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001) (no nexus between rape by guerrillas and a protected ground). We lack jurisdiction to consider Guevara–Zetino's unexhausted contention that she has been or will be persecuted on account of her gender. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Accordingly, Guevara–Zetino's asylum and withholding of removal claims fail. *See Barri-*

os v. *Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

 Substantial evidence also supports the BIA's denial of CAT relief because Guevara–Zetino failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, we decline to address the evidence Guevara–Zetino submitted that is not already part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.